NATIONAL CASH REGISTER COMPANY v. HAGAN & CO.

Decided November 23, 1904.

**Principal and Agent—Subagent.**

Where the agent, having undertaken the performance of some duty to his principal, employs upon his own account a servant or subagent to assist him, the subagent must look to his immediate employer, the agent, and not the principal.

Error from the County Court of El Paso. Tried below before Hon. Jos. U. Sweeney.

*R. V. Bowden,* for plaintiff in error.

*Richard F. Burges,* for defendants in error.

NEILL, ASSOCIATE JUSTICE.—This suit originated in the Justice Court and was brought by plaintiff in error against defendants in error to recover on two promissory notes, one for $25, the other for $20, due respectively on September 20, and October 20, 1901, with interest at 6 percent, both providing for 10 percent attorney's fees, etc., and to fore-

close a lien on a certain cash register for which the notes were given as a part of the purchase money.

The defendants in error admitted the indebtedness and lien, but plead in offset $166.25, which they claimed plaintiff in error was due them as commissions on sales made by them as its agent, and $14.25 claimed due for repairs made on goods which plaintiff in error had sold under a guaranty.

The trial, which was before the court without a jury, resulted in a judgment for plaintiff for the amount, principal, interest and attorney's fees, sued for, aggregating $55.40, together with a foreclosure of its lien on the register; and in favor for defendants in error on their counterclaim for $148.75. It provides that the judgment in favor of defendants in error shall operate as an extinguishment of the judgment in favor of plaintiff in error, and that defendants in error have execution over against plaintiff in error for the balance of their judgment; to wit, the sum of $93.35.

We can find no support in the record for the recovery by defendants for anything at all on their counterclaim. For the undisputed evidence shows that they were not the agents of the plaintiff to make sales of its goods, or for any other purpose; that they never even made the sales for which they claim the commissions; and that plaintiff never employed or authorized them to make the repairs for which they claim compensation. But, on the other hand, the evidence shows indisputably that W. D. Syers was plaintiff's sales agent in El Paso, Texas, whose duties "were to solicit and take orders for National Cash Registers within the territory assigned him by the company, to report his sales to the home office at Dayton, O., regularly, and to send orders as soon as taken. . . ." As an agent appointed by the company, "he could delegate his authority only to the extent of employing his own salesmen." Defendants were Syers' *own salesmen,* and not the plaintiff's. And if anything is due them, they must look to him alone. For where the agent, having undertaken the performance of some duty to his principal, employs upon his own account a servant or subagent to assist him, the subagent must look to his immediate employer—the agent—and not the principal. Mech. on Agency, secs. 197, 690; Williams v. Moore, 24 Texas Civ. App., 402; 58 S. W. Rep., 953.

Therefore the judgment, insofar as it is in favor of plaintiff, will be affirmed, and so much of it as is in favor of defendants will be set aside and held for naught, and judgment here rendered in favor of plaintiff, on defendants' counterclaim.

The costs of this as well as of both courts below will be assessed against defendants.

*Affirmed in part and reversed and rendered in part.*