HOUSTON COTTON OIL MILL & MANUFACTURING COMPANY v. J. M. BIBBY.

Decided May 2, 1906.

**Sub-agent—Compensation.**

When an agent, upon his own account, employs a sub-agent to assist him in his principal's business, the sub-agent must look to the agent and not the principal for compensation.

Appeal from the County Court of Smith. Tried below before Hon. S. A. Lindsey.

*E. P. Price,* for appellant.—In a case in which the principals are sued upon a contract which is signed by their agent, and which shows upon its face who are the parties thereto, the principals can not be bound thereby if, at the time the contract is entered into, all the parties thereto knew the agency of the signor; that is to say, if the principals be disclosed at the time the contract was entered into they can not be bound by any contract not executed in their name, but executed in the name of the agent. The presumption being that the parties knowing when the contract was entered into that it was made for the benefit of a third party, the writing shows that they elect to look to the agent for its performance, and parole evidence can not be admitted to vary the writing by showing that they did not so elect, and in this case appellee could not hold the appellant liable upon the contract sued on in this cause. Heffron v. Pollard, 73 Texas, 100.

An agent acting under a written contract of employment limiting and defining the scope of his employment and authority to act for his

principal, can not bind the principal by any act or declaration outside the scope of his employment or authority as contained in the written contract of employment, and one who claims under a contract executed by such agent is bound to know the agent's authority, unless he has been held out by his principals as having powers which have not, in fact, been conferred. Green v. Hugo, 81 Texas, 457.

*D. M. Reedy,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit originated in the Justice's Court. It was brought there by appellee against appellant and D. A. Grigg to recover $169.85, alleged to be due upon a written contract averred to have been made by appellant in the name of D. A. Grigg with appellee by which the latter agreed to purchase cotton seed at the city of Tyler in the name of Grigg for the appellant, who, according to the allegations, in consideration of his services, agreed to pay him (Bibby) one dollar per ton for all the cotton seed purchased under such contract.

The appellant answered by a general denial and plea of *non est factum,* denying under oath the execution of the contract sued on, or that it was executed by its authority or was ever ratified.

The appellee dismissed his suit as to Grigg, and the trial in the Justice's Court having resulted in a judgment in favor of appellee an appeal was taken by the company to the County Court, where judgment was rendered against it again.

The evidence shows conclusively that Grigg, while appellant's agent to purchase cotton seed, had no authority whatever to employ any one else in behalf of the company to make such purchases, and that it was clearly beyond the scope of his apparent authority to make such contract of employment. It also shows beyond controversy that appellant never acquiesced in or ratified Grigg's employment of the appellee. The contract sued upon shows upon its face that it was entered into between Grigg and Bibby in their own names and in their own behalf, the appellant's name not being mentioned or in any way connected with it.

Upon no theory deducible from the evidence can the judgment be sustained, or the liability of the appellant established. For the rule is well settled that where an agent, having undertaken the performance of some duty to his principal, employs upon his own account a servant or subagent to assist him, the subagent must look to his immediate employer, the agent, and not the principal. (Mech. Ag., secs. 197, 690; Williams v. Moore, 24 Teaxs Civ. App., 404; National Cash Register Co. v. Hagan & Co., 83 S. W. Rep., 727.)

As the case was fully developed upon the trial in the court below, and it conclusively appearing from the evidence that the appellee was not entitled to recover anything, the judgment of the County Court is reversed and judgment is here rendered for the appellant.

*Reversed and rendered.*