WHITE SEWING MACH. CO. v. SNEED et al. (No. 1286.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1915. Rehearing Denied April 1, 1915.)

1. PRINCIPAL AND AGENT ⬥⟞124—AUTHORITY OF AGENT—QUESTION FOR COURT.

Where the authority of an agent has been conferred in writing, the fact and scope of the agency are for the court, and parol evidence of the principal as to the authority of the agent is inadmissible.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. ⬥⟞124.]

2. PRINCIPAL AND AGENT ⬥⟞122—AUTHORITY OF AGENT—QUESTION FOR COURT.

Where the authority of an agent has been conferred in writing, testimony of a third person dealing with the agent as to statements made by the agent as to his authority is inadmissible under the rule that declarations of an agent are inadmissible either to prove agency or to establish the extent of the agent's authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 416–419; Dec. Dig. ⬥⟞122.]

3. APPEAL AND ERROR ⬥⟞928 — QUESTIONS REVIEWABLE — TRANSCRIPT — PRESUMPTIONS.

Where the transcript contains a requested charge by appellant, but does not show that it

was given, the court on appeal may not assume that it·was given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. ⚫ 928.]

· 4. PRINCIPAL AND AGENT ⚫105—AUTHORITY OF AGENT.

An agent employed to solicit orders for sewing machines and transact such other business for his principal, in the way of adjusting disputes and making settlements, as may properly enter into the business of the principal, and to operate under the direction of the principal and assist in making collections, adjusting differences, etc., has no authority to bind his principal by accepting sewing machines in satisfaction of the debt of a dealer as evidenced by notes given by him to the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 298–310, 374; Dec. Dig. ⚫105.]

5. PRINCIPAL AND SURETY ⚫78—LIABILITY OF SURETY.

A surety on the bond of a dealer in sewing machines, conditioned on his paying the seller every liability existing or which may be incurred, is not relieved from liability for machines obtained by the dealer, though subsequently disposed of by him and third persons as partners.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 124; Dec. Dig. ⚫78.]

6. CORPORATIONS ⚫642—FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS.

A foreign corporation, selling in a sister state machines to a resident of Texas, does not transact business in Texas within Vernon's Sayles' Ann. Civ. St. 1914, arts. 1314–1318, and it may transact the business without procuring a permit, and, as an incident thereto, it may take a bond as security for payment of the price and sue on the bond.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. ⚫642.]

Appeal from Dallas County Court; E. B. Muse, Judge.

Action by the White Sewing Machine Company against R. L. Sneed and others. · From a judgment for defendants, plaintiff appeals. Reversed and remanded for new trial.

In the suit resulting in the judgment from which this appeal is prosecuted, appellant, a corporation under the laws of the state of Ohio and plaintiff below, sought a recovery against appellee R. L. Sneed, as the maker of four promissory notes in its favor—one for $246, dated October 24, 1906, due in one year; another for $478.14, dated December 29, 1906, due November 1, 1907; another for $120, dated February 16, 1907, due in 12 months; and the other for $121.07, dated March 2, 1907, due March 2, 1908—and also sought a recovery against said Sneed, as the principal, and against appellees J. J. Mann, W. F. Lovett, W. J. Patrick, and C. M. Edwards, as the sureties, on a bond for $1,000, dated June 9, 1906, made by said Sneed to secure the payment of "any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred on the part of the said R. L. Sneed to the White Sewing Machine Company." It appeared from the testimony that at the time the bond was made. Sneed was a dealer in sewing machines, and that the bond was

made to induce the machine company to sell him sewing machines on a credit. The notes sued on were made to cover sums due by Sneed for such machines sold to him by the machine company. It further appeared that one J. H. Sneed, a brother to said R. L. Sneed, was the machine company's soliciting and selling agent in Texas at the time the bond was made, and at the times of the transactions thereafterwards had between the machine company and said R. L. Sneed, and that the sewing machines covered by the notes were· ordered by said R. L.· Sneed of the machine company through its said agent, J. H. Sneed. It further appeared that said R. L. Sneed, J. H. Sneed, and one E. E. Sneed, another brother to R. L. Sneed, in February, 1907, became partners, and, under the name of the Sneed Trading Company, engaged in the business of selling sewing machines until the fall of that year, when the copartnership was dissolved. It appears from the record that on the trial of the cause appellees admitted appellant's "cause of action as alleged in its petition against them, save and except in so far as said cause of action is defeated in whole or in part by the defenses" interposed by said appellees to the recovery sought by appellant against them. Those defenses were: (1) That R. L. Sneed, at the time said partnership was dissolved, had paid the notes sued on by delivering sewing machines of value sufficient for that purpose to J. H. Sneed as the agent of appellant; (2) that the sureties on the bond were released because the credit the bond was made to secure for R. L. Sneed was used by and for the benefit of the Sneed Trading Company, without the knowledge or consent of said sureties. The court submitted both the defenses to the jury, and rendered judgment that appellant take nothing by its suit against appellees on a verdict as follows:

"We, the jury, find from the evidence that J. H. Sneed was acting in the scope of his authority as a representative of the White Sewing Machine Company. And we further believe J. H. Sneed received the 40 machines in question, the same being sufficient to pay all indebtedness due the company from the defendant, and we therefore find for the defendant R. L. Sneed and bondsmen."

Saner & Saner and L. C. Huvelle, all of Dallas, for appellant. W. T. Savage, Gano & Gano, and H. C. Jarrel, all of Dallas, for appellees.

WILSON, C. J. (after stating the facts as above). [1] The authority possessed by J. H. Sneed as the agent of appellant was conferred upon him by a letter written to him by appellant. From this letter it appeared that said J. H. Sneed was employed by appellant—

"as a traveler [quoting] on the road for the solicitation of orders and the transaction of such other business in the way of adjusting dis-

putes, making settlements, etc., as may properly enter into our business."

In the letter was a statement as follows:

"It is understood you are to operate under our direction and be ready at all times to render such assistance as you can in the way of making collections, adjusting differences, etc."

As explanatory of the nature of J. H. Sneed's agency, the court permitted appellant to prove by its general manager, Chase, that said J. H. Sneed's duties were to solicit orders from merchants and dealers in sewing machines, and to send to appellant at Cleveland, Ohio, for approval or rejection, orders for machines taken by him and bonds by the purchasers to secure the payment of the purchase price of machines ordered. But the court refused to permit appellant to prove by said Chase that J. H. Sneed had no authority to make a contract for it, and no authority to accept for it as a satisfaction of R. L. Sneed's indebtedness to it the sewing machines said R. L. Sneed claimed he turned over to said J. H. Sneed for that purpose. The refusal of the court to make the proof specified is the basis of the first and second assignments.

As we view the case, the court did not err when he excluded the testimony referred to. It was not pretended that J. H. Sneed possessed any authority as appellant's agent other than that conferred upon him by the letter. Therefore it was the duty of the court, and not of witnesses, to construe that letter and determine the extent of the power it conferred upon the agent. 1 Clark & Skyles on the Law of Agency, § 214 et seq., where it is said that:

"If the authority [of an agent] has been conferred by writing, * * * the fact and scope of the agency are questions of law, and are properly decided by the judge."

[2, 3] Over appellant's objection thereto on the ground that the declarations of an agent are inadmissible to prove his authority as such, the court permitted appellees to prove by R. L. Sneed that J. H. Sneed told him he (J. H. Sneed) had authority as appellant's agent "to adjust such settlements as that," meaning the one whereby said R. L. Sneed claimed he had paid the notes sued upon by delivering sewing machines to J. H. Sneed for appellant, and further told him that, "when he saw a firm in failing condition, he would take charge of the matters and settle all the affairs." It is believed the objection should have been sustained and the testimony excluded. The rule is that the admissions and declarations of an agent "are not admissible for the purpose either of proving the fact of agency, or of establishing the nature and extent of his authority." 1 Clark & Skyles on the Law of Agency, § 465. In their brief appellees say that the assignment attacking as erroneous the action of the court in admitting the testimony specified should be overruled, because, as they aver is true, the court—

"specifically charged the jury that they were not to consider any statement or representa-

tion of J. H. Sneed, either written or spoken, as evidence showing that J. H. Sneed was the duly authorized agent of the White Sewing Machine Company, either to accept machines or to apply same upon the indebtedness to the White Sewing Machine Company."

The contention is not supported by the record sent to this court. There is in the transcript what purports to be a charge requested by appellant to the effect specified, but it does not appear to have been given by the court to the jury, and it is believed we should not assume that it was given to them.

[4, 5] As the cause will be remanded for a new trial in the court below, we think it proper to suggest that, if the testimony is the same on that trial as it was on the one resulting in the judgment now reversed, the jury should be instructed to find in favor of appellant, as prayed for in its petition. It is believed the court should construe the letter referred to as failing to confer upon J. H. Sneed authority, as appellant's agent, to bind it by his act in accepting, if he did, of R. L. Sneed, the sewing machines in satisfaction of the debt evidenced by the notes sued upon; and it is not believed that the fact that R. L. Sneed, after purchasing sewing machines of appellant, treated same, and permitted his partners to treat same, as a part of the stock in trade of the Sneed Trading Company, is a reason why the sureties on the bond sued on should be relieved of liability to appellant. If it appeared that appellant was seeking to hold the sureties on R. L. Sneed's bond liable for sewing machines it had sold to the firm of which he was a member, a different question would be presented. But what appellant sought to do was to hold the sureties liable for the debt incurred to it by R. L. Sneed for sewing machines purchased of it by him. It is not believed that appellant's right to look to the bond as security could be affected by the disposition made of the machines by said R. L. Sneed after he purchased same.

[6] The contention made by appellees in their brief that appellant was not entitled to maintain its suit on the bond, because it was a foreign corporation and had not secured a permit to transact business in this state as required by law (articles 1314 to 1318, Vernon's Statutes) is not believed to be tenable. The sewing machines were sold to R. L. Sneed in Ohio, and not in Texas; therefore the statute invoked was not applicable to those transactions. Having a right to sell the machines as it did, without securing a permit to transact business in this state, as an incident thereto, we think appellant had a right, without such a permit, to take the bond as security for the payment of the purchase price of the machines. Security Co. v. Panhandle National Bank, 93 Tex. 575, 57 S. W. 22; Jackson Woolen Mills v. Moore, 154 S. W. 642.

The judgment is reversed, and the cause is remanded for a new trial.