## MITCHELL v. TEAGUE.    (No. 692.)

(Court of Civil Appeals of Texas. Beaumont. July 1, 1921. Rehearing Denied Oct. 12, 1921.)

1. **Principal and agent** ⬤⇒88 — **Where agent delegates performance, subagent cannot look to his principal for compensation.**

Where an agent on his own account undertakes to delegate to a third party the performance of a duty which he owes his principal, the subagent must look for his compensation to his immediate employer, and not to the principal.

2. **Executors and administrators.** ⬤⇒97 — **Executor employing broker held personally responsible for commission.**

Where an executor represented to a broker that he had authority from his mother as coexecutor, and his brothers and sisters, to lease land belonging to the estate, and employed the broker at a stipulated compensation per acre for his services, he was only the agent of the others, and was personally responsible for the commission.

Appeal from Liberty County Court; C. N. Smith, Judge.

Action by J. S. Teague against Leon Mitchell. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for appellant.

J. F. Dobney, of Liberty, for appellee.

WALKER, J. This was a suit by appellee against appellant individually and as executor of the estate of his deceased father for commissions on a real estate deal. Appellant and his mother were joint executors. Appellee, as a real estate broker, under a contract with appellant found a purchaser for an oil lease on 25 acres of land belonging to the estate, who was able, ready, and willing to take the lease and pay for it on the terms stipulated by appellant. Individually and as executor, appellant promised and bound himself to pay appellee $10 per acre for his services for selling the lease. He also contracted that all the parties interested in the land would join in the execution of the lease. His mother and his brothers and sisters refused to consummate the sale, and he joined them in leasing the land to other parties. As we understand the record, there is no controversy as to the facts. Under instructions from the court, the jury returned a verdict for appellee.

[1] There was no error in this instruction. When an agent, upon his own account, undertakes to delegate to a third party the performance of a duty which he owes his principal, the rule is well settled that the subagent must look for his compensation to his immediate employer, and not to the principal. Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953; National Cash Register Co. v. Hagan & Co., 37 Tex. Civ. App. 281, 83 S. W. 727; Houston Cotton Oil Co. v. Bibby, 43 Tex. Civ. App. 100, 95 S. W. 562; Tynan v. Dulling, 25 S. W. 466.

[2] Appellant represented to appellee that he had authority from his mother, as his coexecutor, and his brothers and sisters to lease the land belonging to his father's estate. According to his own statement of the facts, he employed appellee to find a lessee, agreeing to pay him $10 per acre for his services. Thus, on his testimony, he was only the agent of his mother and his brothers and sisters, and under the rule above announced was personally responsible to appellee for the commission.

Appellant presents numerous assignments against the instructed verdict, but we believe, on the facts of this record, the proposition of law just announced is decisive of all issues against appellant.

The judgment of the trial court is therefore in all things affirmed.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes