**HICKS RUBBER CO. v. COLUMBIA TIRE & RUBBER CO.   (No. 6562.)**

(Court of Civil Appeals of Texas. Austin.
April 18, 1923. Rehearing Denied
May 16, 1923.)

**1. Principal and agent ⚖⟐124(1)—Written authority of agent construed by court.**

Where the authority of an agent is in writing it must be construed by the court.

**2. Principal and agent ⚖⟐102(1)—Sales agent to take orders cannot make contracts with subsalesmen to bind principal.**

A sales agent, whose duty is to take orders for his principal within a fixed territory and who can designate his own salesmen, cannot make a contract with a salesman which will bind the principal to pay the salesman for services in effecting sales.

**3. Principal and agent ⚖⟐102(1)—Contract appointing salesman for specified territory held not to authorize him to appoint subagent for whose salary principal was responsible.**

Written contract for employment of an automobile tire salesman for specified territory *held* not to authorize him to appoint subagent to whom the manufacturer principal was responsible.

⚖⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Principal and agent** ⊛⇒173(3)—**Ratification of contract for commission on sale of automobile tires not proved.**

In action for commission on sale of automobile casings and tubes, alleged to have been made by plaintiff, letters from defendant manufacturer *held* not to evidence ratification of contract of employment of plaintiff by sales agent.

**5. Principal and agent** ⊛⇒137(1)—**Rule as to estoppel of principal from denying liability to subagent stated.**

To estop a principal from denying liability to a subagent on an agreement made by such subagent with another agent, it must be proved that such principal knew, or was charged with knowledge, of the fact regarding the transaction and the terms of the contract.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by the Hicks Rubber Company, a copartnership, against the Columbia Tire & Rubber Company. Judgment for defendant and plaintiff appeals. Affirmed.

W. L. Eason and Jake Tirey, both of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellee.

BLAIR, J. The Hicks Rubber Company, a copartnership composed of D. N. Hicks, E. A. Hicks, and D. T. Hicks instituted this suit against the Columbia Tire & Rubber Company, a corporation incorporated under the the laws of the state of Ohio, with P. A. Doyle, of Dallas county, Tex:. as its agent, to recover 10 per cent. commission on a $19,000 sale of automobile casings and tubes made by appellee to the Cooper Grocery Company of Waco, Tex.

Appellant alleged that appellee had agreed to pay a commission on such sale. Appellee answered by a general demurrer and special exceptions, and general denial, and by special answer, to the effect that if appellee was entitled to recover a commission, that the said Cooper Grocery Company had only paid it the sum of $5,000 for merchandise, and such recovery should be limited to 10 per cent. of this amount. Appellant by trial amendment pleaded that its contract was with one P. A. Doyle, who it alleged to be the agent of appellee, and that he had authority to make such contract, it being within the apparent scope of his general authority as a district sales agent for appellee; and further that appellee had ratified and confirmed the contract entered into, and had accepted the benefits thereof; and further alleged that it was to receive 10 per cent. of the gross amount of all sales made to the Cooper Grocery Company, whether the sales were absolute, conditional, or on consignment.

After the evidence was concluded, the trial judge peremptorily instructed the jury to return a verdict for appellee herein, upon its motion. Based upon the instructed verdict returned, the court rendered judgment for appellee. Appellant's motion for a new trial was overruled, to which it excepted and gave notice of appeal.

The facts show that in the latter part of May or the early part of June, 1920, one P. A. Doyle traveling tire and tube salesman, operating under a general sales agency contract, as is shown by the contract hereinafter set forth, called on the appellant and sought to sell it a carload or more of Columbia tires and a certain make of tubes, and sought to interest appellant, a wholesale and retail tire company, into becoming the distributors for Waco and surrounding territory for such tires and tubes as he was sales agent for. Letters, which are hereinafter set forth, were passed between the appellee and the appellant looking to such an arrangement. Later appellant carried P. A. Doyle to one of its customers, the Cooper Grocery Company, and represented to said Cooper Grocery Company that it was not interested in the sale, but had come as a friend of Mr. Doyle, and left the Cooper Grocery Company free to contract with Doyle. Later the contract of the Cooper Grocery Company for several thousand dollars worth of tires and tubes was obtained by Doyle. Appellant contended that Doyle agreed to pay it 10 per cent. of the gross sales to this customer, and that the appellee ratified the contract and accepted the benefits thereof, all of which was denied by Doyle and the appellee.

Doyle had no authority to appoint an agent for his principal under his contract of salesmanship; neither did appellee know of such arrangement being made by appellant and Doyle. It did not know the terms of such agreement; nor does the proof show that it knew that the appellant was claiming as a subagent of Doyle, appointed in the due and apparent scope of his authority; nor that it has accepted the contract of the Cooper Grocery Company with any such knowledge.

Appellant submits for our consideration some ten assignments of error or propositions of law, whereby it seeks a reversal of this case. However, we are of the opinion that these assignments present only two questions, and will be discussed by us thereunder.

The first question presented is, Was there sufficient evidence that P. A. Doyle had authority from appellee to make the contract constituting the basis of this suit to authorize a submission of that question to the jury; and, second, If the said Doyle did not have such authority, then was there sufficient evidence that appellee ratified the contract constituting the basis of this suit to author-

ize the submission of that question to the jury?

In our consideration of the first question, we will assume that the contract was made as alleged by appellant between it and P. A. Doyle. There was no proof introduced as to the extent of Doyle's authority except his contract of employment, which is as follows:

"This agreement, made and entered into this 15th day of December, 1919, by and between the Columbia Tire & Rubber Company, a corporation, formed under the laws of the state of Ohio, hereinafter known as party of the first part, and P. A. Doyle of 4938 Magnolia avenue, St. Louis, Mo., to be hereinafter known as party of the second part, witnesseth:

"Whereas, the party of the first part being desirous that the party of the second part shall act as the district sales manager of automobile tires and tubes owned and controlled and manufactured by the party of the first part within the following territory, to wit: Texas, Arkansas, Mississippi, western portion of Tennessee, Oklahoma, New Mexico, and Louisiana.

"Now, therefore, in consideration of the mutual undertakings hereinafter recorded, and of the payment of one ($1), the receipt whereof is mutually acknowledged, the parties hereby covenant and agree as follows:

"The party of the second part agrees to act as district sales manager for the goods, wares, and merchandise above described in and for the territory above mentioned for the period of three years from the date of this agreement.

"The party of the first part for itself and its successors and assigns hereby agrees to pay to the party of the second part a salary of equal to six thousand dollars ($6,000) per year, payable in equal semimonthly installments of two hundred and fifty dollars ($250.00) on the following settlement dates, to wit: 1st and 15th of each month hereafter.

"The party of the second part agrees to maintain prices and terms of sale as may be named from time to time by the party of the first part, and shall not deviate therefrom without such permission so given in writing by the party of the first part.

"The party of the second part also agrees to keep the party of the first part thoroughly posted at all times as to his whereabouts and to render true and accurate account of his traveling expenses while on the road, and to return to the party of the first part upon written request, any and all booklets, samples, mileage money, merchandise, price lists, property, or anything whatsoever he may have received or that may be in his possession, belonging to the party of the first part, or which may have been intrusted to the party of the second part, as the agent of the party of the first part.

"The party of the first part agrees to allow the party of the second part the actual traveling expenses incurred by the party of the second part while traveling in the interest of the party of the first part, and for such purposes the party of the first part shall advance to the party of the second part as an advance traveling fund, a sum equal to three hundred dollars ($300), and the party of the second part shall render a weekly account of such actual

traveling expenses to the party of the first part for approval and acceptance of same by the party of the first part.

"This agreement is based upon an annual quota volume of four hundred and fifty thousand dollars ($450,000), and no additional compensation is to be paid to such second party until the volume of business has exceeded this quota.

"On net sales of 'Columbia' and 'Para Bell' tires and tubes or any other brand of tires and tubes which may be assigned from time to time to said second party by the said first party in excess of the above quota, billed and shipped by the party of the first part, a commission of 2 per cent. shall be paid, no additional compensation or percentage to be paid on unguaranteed or second tires and tubes, or byproducts of the first part. Such additional compensation is to be paid within thirty (30) days after the close of the fiscal year, August 31, 1920. This additional compensation can be paid either in cash in full, or 50 per cent. in common stock and 50 per cent. in cash of said first party at par value, at the option of said first party.

"It is understood and agreed that this contract may be terminated by either party by giving to the other party thirty (30) days notice in writing of such termination.

"In witness whereof, the parties have affixed their hands and seals to this agreement and a duplicate thereof on the day and year first above written.

"The Columbia Tire & Rubber Co.
"By [Signed] W. G. Henne.
"Accepted: [Signed] P. A. Doyle.
"In presence of E. Weber."

[1-3] The complaint here is that the court erred in not submitting to the jury the question of whether or not Doyle had authority to enter into a contract such as is alleged by appellant. It is well settled in this state that, where the authority of an agent is in writing, it must be construed by the court and not the jury. It is also a well-settled rule in this state that a sales agent whose duty it is to take orders for his principal's goods within a fixed territory, and who can designate his own salesman, cannot make a contract with a salesman which will bind the principal to pay the salesman for his service in effecting sales. We are, therefore, of the opinion that the contention of appellant is not well taken and that it became the duty of the trial judge to decide that the contract of agency of Doyle, introduced in evidence, did not authorize him to appoint subagents who could look to the principal for payment of their services. The contract in question merely appoints P. A. Doyle as a district sales agent of appellee, and authorizes him to make sales of tires and tubes within certain prescribed price lists furnished by appellee; and he was to take orders for such sales and forward the same to appellee for acceptance. It did not even authorize him to adjust claims or to collect moneys, but was limited to the extent of taking orders and submitting customers direct for the acceptance of appel-

lee. Clearly no authority was given whereby Doyle was authorized to appoint other agents and bind appellee to pay for their services. Neither is such authority within the apparent scope of Doyle's authority. The selection of an agent is a very material right to any business concern. The agent's character for honesty and fair dealings, his financial standing, and his business ability all have great weight in his selection; and to authorize an agent, who has no specific authority to appoint agents to do so would work a very material injury against the principal. Because an agent is intrusted with certain duties and privileges by a principal, does not, in the absence of specific authority, authorize such agent to appoint other agents, without the knowledge of the principal, and bind the principal to pay for the services of such agents so appointed. Tompkins Machinery v. Peters, 84 Tex. 627, 19 S. W. 860; National Cash Register Co. v. Hagan, 37 Tex. Civ. App. 281, 83 S. W. 727; White Sewing Machine Co. v. Sneed (Tex. Civ. App.) 174 S. W. 950; Overton v. First State Ins. Co. (Tex. Civ. App.) 189 S. W. 514; Henderson Mercantile Co. v. Bank, 100 Tex. 344, 99 S. W. 850; Guaranty Bank v. Beaumont Cadillac Co. (Tex. Civ. App.) 218 S. W. 638; Dawson & Young v. Nunn et al. (Tex. Civ. App.) 200 S. W. 603; 31 Cyc. 1335.

[4] Appellant sought, in the second place, to hold appellee liable for its commission in the sale of the tires and tubes to the Cooper Grocery Company upon the ground that appellee had ratified the contract and had accepted the benefits thereof; and that the trial court should have submitted such issue to the jury, contending that there was sufficient evidence to warrant such submission. After a careful examination of the facts, we have reached the conclusion that the trial court was correct in instructing a verdict in this case.

Appellant sought to fix liability on appellee under the ratification proposition by reason of certain letters which it received from appellee, and are set forth as follows:

"The Columbia Tire & Rubber Co. Incorporated 1915.

"Automobile and Motorcycle Tires and Tubes Tire Accessories.

"Columbiana, Ohio, U. S. A., June 17, 1920.

"Quotations subject to change without notice. All agreements contingent upon strikes, accidents, or other causes beyond our control, and the approval of an executive officer of the company.

"Hicks Rubber Company, Waco, Texas.

"Attention Mr. Hicks.

"Gentlemen: We are in receipt of a letter from our Mr. Doyle, advising us of his pleasant visit with you under date of June 10th.

"We note that it is your intention to be in Dallas on Sunday, and we sincerely trust that you will be successful in negotiating the deal for the carload of Columbia tires discussed with Mr. Doyle.

"For your convenience we are inclosing our schedule of costs on the # 1-A basis.

"In the event the connection is made, you can rest assured at all times of our co-operation in building for you a more pleasant and profitable tire business than you have ever enjoyed.

"Again thanking you for the courtesy shown Mr. Doyle, we remain,

"Yours very truly,
"The Columbia Tire & Rubber Co.
"[Signed] D. T. Henne,
"General Sales Manager."
"June 3, 1920.

"Hicks Rubber Company, Waco, Texas.

"Attention Mr. Hicks.

"Gentlemen: Regarding your conversation with Mr. Doyle, we wish to outline for the consideration of your company our proposition on Columbia tires, and we are forwarding for your inspection two 30x3½ Columbia nonskid casings, fabric construction, and one 30x3½ grey tube.

"From the enclosed consumer's list we quote you 12½–10–10–10–5–5 per cent. trade on fabric, and 12½–10–10–10–5 per cent. trade on cords, with a further 5 per cent. cash discount, plus excise tax; freight prepaid to destination in the United States on shipments of 100 pounds or more, and on express shipments the regular first-class freight rate is allowed.

"We offer you in the fall of each year a spring dating plan which covers all merchandise shipped after the 1st of October until the 1st of April, with April 1st dating with 5 per cent. cash discount due May 10th; credit of 1 per cent. per month anticipation back to January 10th, or in other words, an extra 4 per cent. if paid on January 10th. This permits you to extend to your dealers a similar dating proposition, which places you in position to compete very nicely with any companies who operate branches in your vicinity.

"As you inspect the casings, we particularly wish to call to your attention the quality of this product. Columbia tires are not just ordinary tires, but rather contain the best of raw materials, and are constructed under the most modern methods. We use a very heavy friction between each ply of fabric, which serves to reduce the shock of the road and eliminate stone bruises and it has been proven that rubber has five times greater tensile strength than fabric. Consequently our principles of construction show that Columbia tires with the standard number of plies per size, have a greater shock resistance than much higher priced tires with an extra ply and the standard construction.

"We extend to you the privilege of making your own adjustments, on which you are reimbursed by 10 and 10 from the amount of cash received. This gives you an opportunity to treat your customers likewise, allowing them one-half of the discount received.

"You are protected against price decline for 120 days from date of invoice on any merchandise left on hand unsold, and the same proposition is extended to you for your dealers on a 60-day basis from date of your invoice.

"We carry a very attractive line of adver-

tising material which is either shipped to you for your disbursement amongst accounts, or shipments are made direct from here to your customers. It works out in most cases to the best advantage for you to carry a stock of advertising material and supply it to your dealers.

"We maintain a sales extension department for the purpose of furthering the education of your salesmen in the art of selling tires to the dealer.

"We submit the following list of accounts to which we would be glad to refer you: Van Camp Hdwe. & Iron Co., Indianapolis, Ind. Morely-Murphy Hdwe. Co., Green Bay, Wis. Morley Brothers, Saginaw, Mich. Lichtenberger-Ferguson Co., Los Angeles, Cal. Greer & Laing Co., Wheeling, W. Va. E. Schoonmaker Co., New York City. Philadelphia Show Case Co., Philadelphia, Pa. Beckham Auto Tire Co., Atlanta, Ga. Any of the above firms would be very pleased to hear from you, and we shall anxiously await the result of your investigation.

"Thanking you for the courtesy shown in permitting us to explain fully our proposition, we remain,

"Yours very truly,
"General Sales Manager.

"P. S. There will be a slight change in the list prices on cords attached, of which you will be advised within a short time."

We are of the opinion that these letters were in response, as shown by the deposition of D. T. Henne, general sales manager of appellee company, to reports No. 131 and No. 116 of P. A. Doyle to appellee. Said reports show clearly that the appellee was dealing with appellant as a prospective distributor of appellee's merchandise at Waco, Tex. These reports are as follows:

letters do not even furnish a circumstance thereof. The orders for the merchandise sold to the Cooper Grocery Company were signed by P. A. Doyle, and the record nowhere discloses that appellant had anything to do with the sale other than going with Doyle, under the alleged promise from him that it would receive 10 per cent. on the gross sales to the Cooper Grocery Company. The record further discloses that D. T. Hicks testified that he told the agent of the Cooper Grocery Company, at the time he carried P. A. Doyle to meet him, that his company was not interested in the sale sought to be made by Doyle, that is, that there were no profits in the contract for him. The letters above set forth refute appellant's contention of ratification, in that they show on their face to be a mere matter of urging appellant to take up the sale and distribution of appellee's merchandise at Waco, Tex. It is nowhere shown in either of the letters, or hinted at, that a sale was under way by which appellee was to sell to Cooper Grocery Company certain merchandise, but to the contrary it is shown that appellee was seeking to sell to appellant its merchandise. In order to estop a principal from denying liability to a subagent, upon an agreement made by such subagent with another agent, it must be proved that such owner knew or was charged with knowledge of the fact regarding the transaction and the terms of the contract between the agent and subagent. Smith v. Sublett, 28 Tex. 163; Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953; Sterling v. De Laune, 47 Tex. Civ. App. 470, 105 S. W. 1169.

---

### Exhibit A.

| Regular Acc't. | | | Daily Report. | |
|---|---|---|---|---|
| | New Acct. | | | Date 6/10/1920. |
| | | | | Prospect. |
| Firm name | Hicks Rubber Co. | | | |
| Address | Waco, Texas | | | |
| Buyer | Hicks | | Business | Whol. Tires. |
| Brand | Col. | | Quotation | A-1 |
| New Selling Tires....Yes | | | What make....Kelly McGraw | |
| Territory....Local | | | Approx. Volume....$250,000 | |
| No. Salesmen....3 | | | When to call again....Soon | |

"Remarks:    (List & Thank)
. "Spent almost three days here trying to close these people on carload of tires. Cannot say as to how soon we get the order. Should know in the next day or two. They are coming with us.
"(Signed) Doyle
"Signature."

### Exhibit B.

| Firm Name | Hicks Rubber Co. | | Daily Report. | |
|---|---|---|---|---|
| | | | | Date 5/20/1920. |
| Address | Waco, Texas | | | |
| Buyer.........................Hicks | | | Business | Tire Distributors. |
| Brand.........................Col. | | | Quotation | 1-A |
| Now Selling Tires....Yes | | | What Make....Kelly McGraw | |
| Territory....Local to Waco | | | Approx. Volume....$250,000 | |
| No. Salesmen....4 | | | When to call again....Soon | |

"Remarks: Want samples. Will be in market in July. Do the biggest tire business in Waco by far. We can land this account.
(Signed) Doyle
"Signature."

---

[5] Nowhere does appellant offer to prove that appellee knew of the terms of the contract between itself and P. A. Doyle relative to the 10 per cent. commission, and these

We are, therefore, of the opinion that the trial judge did not err in instructing a verdict for appellee in this case; and the judgment of the court below is affirmed.