August Homan, Respondent, *v.* Brooklyn Life Insur-
ance Company, Appellant.

#### March 25, 1879.

The employment of a subagent, and the principal's knowledge thereof and
his acceptance of the services rendered by such subagent as beneficial,
does not prove that the principal contracted to pay for such services, or a
ratification of an employment of the subagent to be paid by the prin-
cipal.

Appeal from St. Louis Circuit Court.
*Reversed and remanded.*

Ford Smith, for appellant: The burden rested on
respondent to prove, not only the contract as alleged, but
also the authority of the agent, with whom he claimed to
have made it, to make the contract on behalf of appellant. —
*Bank* v. *McKnight*, 2 Mo. 42; *Swearingen* v. *Knox*, 10
Mo. 31; *Sone* v. *Palmer*, 28 Mo. 539; *First National
Bank* v. *Hogan*, 47 Mo. 472; *Wahrendorf* v. *Whitaker*, 1
Mo. 205; *Cravens* v. *Gillilan*, 63 Mo. 28; *Boogher* v.
*Insurance Co.*, 6 Mo. App. 592.

B. D. Lee, for respondent: The respondent's employ-
ment was ratified by the appellant. — Story on Ag. 126,
135; Story on Sales, sect. 71; Smith on Con. 245; Pars.
on Con. 41.

Hayden, J., delivered the opinion of the court.

This is an action to recover pay for a month's services
alleged to have been rendered by the plaintiff as a solicitor
of insurance, for the month of May, 1877. That services
were rendered was not denied; but the issue on which the
case turns is whether the defendant is bound to pay the sum
here claimed, or whether the obligation to pay rests upon
one Wilson, who was an agent of the defendant, and who,
as the defendant contends, hired the plaintiff on his (Wil-
son's) own account to work for the defendant. The evi-

dence is voluminous, and it would require too much space to detail it. It is sufficient to say that Wilson was defendant's agent at St. Louis for the purpose, as his written contract showed, of receiving applications for insurance, and for collecting and paying over premiums, with authority to appoint subordinate agents to aid him in the business of his agency, for whom he was to be responsible ; the company, however, by the contract, not being liable for pay or commissions of the subordinates. Wilson testified to the conclusion that he did not hire the plaintiff on his own (Wilson's) account ; but it appears that both the plaintiff and Wilson understood that the defendant's obligation to pay the plaintiff for services would depend on whether some of the officers of the company would agree to do so, who were, when the plaintiff was told by Wilson to go to work, expected to arrive at St. Louis. The testimony as to any such agreement upon the part of these officers, the secretary of the company and a Mr. Taylor, is very unsatisfactory ; but we cannot say that the point made by the defendant upon the demurrer to the evidence is well taken. Unsatisfactory as testimony must be which aims to prove an agreement on defendant's part by such indefinite expressions as those attributed to Cole, the secretary, by the plaintiff, some of those expressions do tend to show, not merely a recognition on Cole's part that the plaintiff was acting for the company, but that he could look to the company for his pay. The defendant contends that Cole and Taylor recognized the plaintiff only as an employee of Wilson, working indeed in the business of the company, but to be paid by Wilson, who under his contract could employ agents, paying for their services himself ; and certainly the contemporaneous conduct of Wilson, as described by himself, as well as other parts of the plaintiff's evidence, tends strongly to show that Wilson hired the plaintiff and was to pay him. But, as stated, there was some evidence in

support of the plaintiff's theory, and the question was for the jury.

It is, however, urged by the defendant that the plaintiff made out no case, as there was no authority shown on the part of Cole, the secretary, to employ the plaintiff for the company. Undoubtedly the plaintiff was bound to show such authority by evidence, as he was bound to supply any other link in the chain which constituted his case. But the company sent the secretary to St. Louis on business connected with this agency, and his subsequent letters when at home, written as secretary, in connection with what he did when at St. Louis, apparently with the sanction of his company, constituted, we think, sufficient evidence of authority to go to the jury. Though authority must be proved, yet it may be inferred from facts justifying the inference.

The question, however, of the legal effect of the acts of Cole and Taylor, the defendant's agents, was not properly put to the jury. The first and principal instruction given for the plaintiff is as follows : "If the jury believe, from the evidence, that C. B. Wilson, the agent of the defendant, even though unauthorized at the time to do it, on or about March 1, 1877, directed the plaintiff to go to work for the defendant, soliciting insurance in defendant's company, at a salary of $175 a month, and that subsequently the defendant by its secretary having then the charge of the executive department and duties of the defendant, or by other agents authorized so to do, with full knowledge of the facts aforesaid, assented to and approved of said employment, and that thereafter the plaintiff worked for defendant under said employment for and during the month of May, 1877, and has not been paid therefor, then the plaintiff is entitled to a verdict at your hands."

The real issue in the case is not presented by this instruction. The "said employment" which the secretary or other agent is required to assent to, might have been as-

sented to without imposing any obligation upon the defendant to pay. This obligation is here the essential question. The words "go to work for defendant," in the first part of the instruction, involve in ambiguity a question which should have been sharply presented, and the words "even though unauthorized at the time to do it" add to the obscurity. Wilson was undoubtedly authorized to direct the plaintiff to go to work, and to go to work, in a sense, for the defendant. The weight of Wilson's own testimony tends to show that he did direct the plaintiff to go to work "for the defendant," under an obligation, however, upon Wilson's part, recognized at the time by himself, to pay for the work he thus ordered; though it also appears that Wilson had hopes that the defendant would relieve him of the obligation to pay, expressed·in his contract, and that the plaintiff, when he went to work at the request of Wilson, had hopes that the company would pay for his services. But the question was not one of expectations, but of a fact.

Where a person is employed by an agent, the mere fact that the principal of the agent knows that the person so employed is acting in the business committed by the principal to his agent, and accepts such employment as beneficial, does not prove an agreement on the principal's part to pay for the services of the person so employed. To hold the principal to payment, the element of privity of contract between the principal and subagent should appear. So, acts of recognition and the acceptance of services on the part of the principal do not necessarily tend to prove ratification in the sense here claimed; for the question arises, ratification of what? If, for example, Cole and Taylor, relying on what Wilson seems to have done (that is, hired the plaintiff under the obligation to pay him), accepted the plaintiff's services as the employee of and to be paid by Wilson, the acts of Cole and Taylor in this behalf in no way prove, or tend to prove, their acceptance or ratification of

any employment of the plaintiff as a subagent to be paid by the company. This distinction is vital to the issue here presented by the evidence, and this the instruction ignores. To this, and to the question as to the obligation as to payment, the attention of the jury should have been directed. No qualification of the instruction quoted was given, while the defendant's theory, that Wilson's direction of the plaintiff to go to work was a hiring to be paid for by Wilson, and that it was only on this basis that Cole and Taylor recognized the plaintiff, was in no way put to the jury.

The question presented by the defendant's second instruction should have been differently put. As put, it was properly refused. The liability of the defendant does not depend merely on whether Wilson had authority, and the accompanying qualification is too vague. The defendant's third instruction, as asked, was properly refused. What has been said above serves to show how far any part of it is applicable.

With the concurrence of all the judges, the judgment of the court below is reversed and the cause remanded.