H. A. Triplett, Appellee, v. F. A. Jackson, Appellant.

**Agency:** CONTRACTS BY AGENTS: PERSONAL LIABILITY. An agent may
1   become personally liable for the payment of service rendered solely concerning his principal's business.

**Brokers:** COMMISSIONS. Where a broker, for an agreed commis-
2   sion, performed his contract to find a purchaser for certain lots, but the owner then refused to convey anything less than the entire tract, and he subsequently induced the same purchaser to buy the whole tract without any new agreement as to commission but the owner again refused to convey, he was not entitled to double commission but to the· original commission agreed upon and additional compensation at the same rate for producing a purchaser for the balance of the tract.

*Appeal from Crawford District Court.*— HON. S. M. EL-
WOOD, Judge.

TUESDAY, APRIL 10, 1906.

ACTION at law to recover for services rendered in con-
nection with certain real estate transactions.   From a ver-
dict and judgment in favor of plaintiff, the defendant ap-
peals.— *Reversed.*

*Connor & Lally,* for appellant.

*P. W. Harding* and *T. W. Bittle,* for appellee.

BISHOP, J.— At a time in question the Milwaukee
Land Company of Milwaukee, Wis., owned a tract of land
lying on the outskirts of the town of Manilla in Craw-
ford county, comprising eighty-seven and twelve-hundredths
acres in the whole.   A portion of the tract was known as
outlots " K " and " L," and these comprised thirty-one and
twenty-eight-hundredths acres.   The defendant is station
agent of the Milwaukee Railway Company at Manilla, and
had been authorized by the land company to find a pur-
chaser for said lands.   The lands were held by the company
at ninety dollars per acre, and on his own statement de-
fendant was to receive for his services in finding a pur-
chaser five per cent. on said selling price, and, in addition
thereto, a sum equal to the excess over ninety dollars per
acre, for which the land might be sold to a purchaser fur-
nished by him.   As related to the issue here presented, the
jury was warranted in finding that defendant disclosed to
plaintiff the facts of his agency for the land and the com-
mission or compensation he was to receive upon making a
sale thereof; that plaintiff was requested by defendant to
assist in finding a purchaser for outlots " K " and " L,"
at the price of one hundred dollars per acre, for which serv-
ice, if successful, defendant agreed to pay plaintiff the sum

of one hundred and fifty dollars. Within a few days plaintiff did find and present to defendant a purchaser, who was able, ready, and willing to take the lots at the price per acre stipulated. Defendant at the time declined to enter into a contract until he had taken counsel with the land company. The next day he notified plaintiff that the land company had wired its refusal to sell simply the outlots; that a sale should comprehend the entire tract. Thereupon defendant asked plaintiff to find a purchaser for the tract as a whole; the price being fixed at ninety-three dollars per acre. Nothing was said on this occasion respecting compensation, save that defendant declared " he would see that I was paid; that he would make it right with me." Plaintiff was given until a time fixed within which to present a purchaser, and before that time expired he did present as a purchaser, able, and ready, and willing, the person who had formerly agreed to purchase the outlots. In the meantime defendant had sold the entire tract to another party. Plaintiff made proof upon the trial that his services for finding a purchaser for the whole tract was the sum of five per cent. on the first thousand dollars of the sale price, and two and one-half per cent. on the balance. The petition was in two counts, and judgment was demanded for the aggregate value of the services rendered. The verdict and judgment was for the sum of three hundred and seventy-seven dollars and fifty-five cents.

I. It is a contention of appellant that under the circumstances he did not assume and cannot be held to any personal liability to plaintiff; that the right of plaintiff to re-
1. AGENCY: contracts by agent: personal liability.
cover, if such there be, is against the land company. There is no merit in this contention. It is well settled that a person, although himself an agent and acting solely in connection with the business of his principal may contract to bind himself personally or engage in his own name to perform obligations, and, however this may be connected with the master's serv-

ice, if he does so he becomes personally liable. Authorities are not necessary; but see the following: *Simonds . v. Heard,* 34 Am. Dec. 43; *Whitney v. Wyman,* 101 U. S. 392 (25 L. Ed. 1050); *Collins v. Allen,* 27 Am. Dec. 130; *Bell v. Teague,* 85 Ala. 211 (3 South. 861); *Mills v. Hunt,* 20 Wend. (N. Y.) 431. The jury found that the services were rendered pursuant to a direct agreement on the part of the defendant to pay therefor, and, on the facts appearing, such finding was warranted.

II. It is a further contention of appellant that in any event the amount of the recovery as represented by the verdict was not warranted. Speaking precisely, it is said that a double recovery was thereby allowed; that is, that included therein is the amount claimed for finding a purchaser for the outlots, and also the amount proven as the value of the services in procuring the purchaser to take the whole tract. The main ground for this contention, presented in argument, is that by mutual consent the first transaction was abandoned, and liability thereunder waived when the second undertaking was entered upon. We do not so understand the situation. The record does not show anything said or done by the parties indicating that such was the intention. On the contrary we think that fairly inferable from the circumstances, it was understood that plaintiff should receive additional compensation if he succeeded in finding a purchaser for the whole tract. He had earned the compensation originally agreed to be paid, irrespective of whether a sale was made or not. And upon this point all the cases agree. We think, however, that as subsequently he did no more than to induce the purchaser found by him to take the whole tract, he should be allowed to recover only such additional compensation as he would have been entitled to for finding a purchaser for the excess of the tract over and above the outlots. In other words, had he found a purchaser for the excess in another person, his right of recovery would

*(margin note: 2. BROKERS: commissions.)*

have been limited to the one hundred and fifty dollars for finding the purchaser for the outlots, and a reasonable compensation for finding a purchaser for the excess. He cannot be entitled to more, in view of the situation as it was brought about. This leads to the conclusion that the verdict and judgment was excessive. Computing on the basis of the figures given by plaintiff (and they are not disputed) the reasonable value of the services in finding a purchaser for the excess over the outlots would be one hundred and fifty-four dollars; this added to the sum of one hundred and fifty dollars originally agreed upon, we have the sum of three hundred and four dollars. The judgment should have been limited to that sum.

The judgment must therefore be reversed, and a new trial awarded, unless appellee shall consent to and file a remittitur for the excess of the judgment over said sum. If such remittitur is filed within twenty days from and after the filing of this opinion, the judgment as for the sum of three hundred and four dollars will stand affirmed; otherwise the case will be remanded for new trial. On such condition, the judgment is *reversed.*