FRANK G. MOYER *vs.* ELIZABETH T. JUSTIS.

*Sufficiency of Evidence to Show Failure to Invest Money as Agreed.*

The plaintiff gave to defendant a sum of money to be invested,
and defendant gave her a receipt, stating that that sum had
been received "for investment." After several demands for
payment, the defendant, more than two years after getting
the money, gave the plaintiff a promissory note, bearing date
as of the time he received the money, for the amount, paya-
ble with interest four years after date, and signed by a cer-
tain firm "per" the defendant. At the time defendant gave
plaintiff this promissory note, the firm had been put in the
hands of a receiver. Interest on the money had always been
paid by the defendant. In an action to recover the sum,
the Court instructed the jury that if they believed that the
plaintiff intrusted to the care of the defendant the designated
sum for investment, and that the defendant failed to invest
said money, and has not repaid the same to the plaintiff,
then their verdict must be for the plaintiff. *Held,* that this
instruction is proper, since the evidence is legally sufficient
to authorize the jury to find that the defendant did not in-
vest the money he received from the plaintiff.

*Decided January 14th, 1910.*

Appeal from the Baltimore City Court (DOBLER, J.).

The cause was argued before Boyd, C. J., Pearce, Schmucker, Burke, Thomas, Pattison and Urner, JJ.

*J. Cookman Boyd* (with whom was *Peter J. Campbell* on the brief), for the appellant.

*Harry M. Benzinger* (with whom was *Edwin R. Stringer* on the brief), for the appellee.

Pattison, J., delivered the opinion of the Court.

This is an appeal brought by the appellee against the appellant to recover from him four thousand four hundred and two dollars and eighty-four cents ($4,402.84) that was paid by the plaintiff to the defendant to be invested by him and which she alleges he never invested and which he never returned to her.

The case was tried by a jury and at the conclusion of the plaintiff's testimony, the defendant offered a prayer in which he asked the Court to instruct the jury that there was no legally sufficient evidence to entitle the plaintiff to recover in this case. The Court refused the prayer, and it is from this ruling alone that this appeal is taken. Other prayers were granted both to the plaintiff and defendant, but as the correctness of the rulings upon them is conceded it is unnecessary, for the purposes of this appeal, to set out in this opinion more than the first prayer of the plaintiff, which was granted by the Court.

By this prayer of the plaintiff, the Court instructed the jury: "If they shall believe from the evidence in this case that the plaintiff on the 29th day of April, 1905, entrusted to the care of the defendant the sum of $4,402.84 for investment, and that the defendant failed to invest said money and has not repaid the same to the plaintiff, then their verdict must be for the plaintiff." The Court also granted the defendant a prayer in which the converse of this proposition was stated.

The law upon the question involved in this appeal is now well established in this State.

"It is the duty of the Court to decide, as a preliminary *legal* question, whether there be any evidence legally sufficient to be considered by the jury; and the criterion for the determination of that question is, whether the evidence is of sufficient probative force to enable an ordinary intelligent mind to draw a rational conclusion therefrom, *in support* of the proposition sought to be maintained by it." *Baltimore Elevator Co.* v. *Neal,* 65 Md. 459.

"A prayer seeking to take the case away from the jury, on the alleged ground of total failure of evidence to support the plaintiff's case, will not be granted, if there is any evidence, however slight, legally sufficient as tending to prove it, that is to say, competent, pertinent and coming from a legal source, but the weight and value of such evidence will be left to the jury." *Poe's Practice,* page 317, sec. 295.

A case should not be taken from the jury upon a prayer that there is no sufficient evidence to justify the finding for the adverse party, "if there be any evidence from which a rational conclusion may be drawn as opposed to the theory of such a prayer. Before such prayer can be granted, the Court must assume the truth of all the evidence before the jury tending to sustain the claim or defense, as the case may be, and of all inferences of fact fairly deducible from it * * * and this though such evidence be contradicted in every particular by the opposing evidence in the cause." *M'Elderry* v. *Flannagan,* 1 H. & G. 308; *Leopard* v. *Ches. & Ohio Canal Co.,* 1 G. 222; *Jones* v. *Jones,* 45 Md. 154; *Mallette* v. *British Ass. Co.,* 91 Md. 481.

The facts in this case, as disclosed by the testimony of the only witness, Elizabeth T. Justis, the plaintiff, are these: that prior to the 29th day of April, 1905, the plaintiff had money invested in a trust company in Providence, R. I., where she was receiving interest thereon at the rate of four per cent.; that the defendant, Dr. Moyer, her friend and medical adviser, urged her to send for it, saying that he would

give her better interest, eight, ten or twelve per cent.; she
sent for it and on the 29th day of April, 1905, paid over to
him the sum of four thousand four hundred and two dollars
and eighty-four cents, and he gave to her a receipt therefor,
which reads as follows:

"BALTIMORE, April 29th, 1905.
Received of Mrs. Elizabeth T. Justis Forty Four Hundred
and Two 84/100 Dollars, for investment.
$4402.84/100.                    FRANK G. MOYER."

The defendant thereafter paid the interest to the plaintiff
upon the amount so received by him to the first of the year
nineteen hundred and seven. The plaintiff several times
called upon the defendant for the payment of this money, the
last time being in August, 1907, at which time the defendant
gave to her a promissory note, signed by E. Cox Son & Com-
pany, per Frank G. Moyer, dated as of April 29, 1905, which
reads as follows:

"$4420.84/100.            BALTIMORE, MD., April 29th, 1905.
Four years after date we promise to pay to the order of Mrs.
Elizabeth T. Justis, Four Thousand Four Hundred and Twenty
84/100 Dollars, at Six (6%), due semi-annually.
Value Received.                    E. Cox, SON & Co.,
    No.            due            per FRANK G. MOYER."
And on the back thereof was the following endorsement:
"FRANK G. MOYER."

The firm of E. Cox Son & Company had in the previous
month of July passed into the hands of a receiver. This fact,
however, was not known to the plaintiff at the time she ac-
cepted the note. The plaintiff, not receiving the money that
she had entrusted to the defendant, on the fourth day of
December, 1907, instituted this suit.

By the instructions of the Court as heretofore stated in
plaintiff's first prayer, the jury were told that if they should

find that the plaintiff on the 29th day of April, 1905, entrusted to the care of the defendant the sum of forty-four hundred and two dollars and eighty-four cents for investment, and that the defendant failed to invest the money and has not repaid the same to the plaintiff, then their verdict should be for the plaintiff.

By the uncontradicted evidence of the plaintiff, she paid to the defendant the amount mentioned in the prayer at the time therein stated, and it has not been repaid to her; leaving, therefore, for the jury to find from the evidence offered, the further fact, *"that the defendant failed to invest said money."*

We will now apply, to the evidence offered, this test: Is it of sufficient probative force to enable an ordinary intelligent mind to draw a rational conclusion therefrom *in support* of the alleged fact that the defendant failed to invest the money?

In this case we find the defendant, friend and medical adviser of the plaintiff, urging her to displace an investment of more then four thousand dollars in a trust company, saying that he would give her more interest, eight, ten or twelve per cent., which resulted in her changing her investment and paying the money over to him on the 29th day of April, 1905, he giving her only a receipt for this amount, in it saying that it was received for investment. Thereafter the evidence discloses that he, and not E. Cox Son & Company, paid the interest on the money received by him; the rate of interest he paid her, however, is not disclosed.

If the defendant invested this money with E. Cox Son & Company between the 29th day of April, 1905, and the day in August, 1907, upon which he gave the note, no evidence of such indebtedness from E. Cox Son & Company to the plaintiff had ever been given to the plaintiff nor had she received from the defendant anything indicating that he had invested it with E. Cox Son & Co., or with any other person, firm or corporation. It was not until she had repeatedly called upon him for the payment of this money that he gave her the note of E. Cox Son & Company, to which he signed

the firm's name and dated it back to the time of the payment of the money by her to him, April 29th, 1905, payable in four years thereafter, at the rate of six per cent. At the time this note was delivered to the plaintiff, the firm of E. Cox Son & Company was in the hands of a receiver, which fact at the time was not known by or disclosed to the plaintiff; whether it was known to the defendant or not, is not shown by the evidence, but the fact of the defendant assuming the authority to sign the firm's name to the promissory note for this large amount of money, shows that his relations with the firm were of such a character as strongly to indicate that at the time he gave to her the note he knew of the firm's condition and that it was in the hands of a receiver, and this fact he did not disclose to her.

The legal sufficiency of evidence is for the Court to determine, but its weight, or its sufficiency, to establish another fact, sought to be inferred from it, is exclusively with the jury. *Cole* v. *Hebb,* 7 G. & J. 39; *Maltby* v. *Northwestern Va. R. R. Co.,* 16 Md. 445.

According to the test applied, we do not think the Court committed any error in submitting the case to the jury.

> *Judgment affirmed, with costs to the appellee, both above and below.*