## WASHINGTON RAILWAY & ELECTRIC COMPANY ET AL. *v.* MAY ANDERSON

[No. 14, January Term, 1935.]

*Decided February 7th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*S. Russell Bowen,* with whom were *M. Hampton Magruder, G. Thomas Dunlop,* and *Bowen & Kelly,* on the brief, for the appellants.

*A. R. Hassall* and *J. Wilson Ryon,* submitting on brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a final judgment entered by the Circuit Court for Prince George's County upon a verdict of a jury awarding damages to May Anderson, the appellee, against the Washington Railway & Electric Company, a corporation, and the Capital Transit Company, a corporation, appellants, for personal injuries.

The declaration charges that on July 26th, 1933, the plaintiff was a passenger upon a car of the Washington Railway & Electric Company, the liabilities of which, under a merger between both defendants, had been assumed by the Capital Transit Company, and that she paid the usual and customary charge for her transportation; that she boarded said car at Thirteenth and G Streets, Northwest, Washington, D. C., for the purpose of being transported to the District Line and thence into Maryland, but, by the negligence and carelessness of the Washington Railway & Electric Company, its agents and servants, and without any fault or negligence on her part, the car in which she was riding was given a sudden and unusual jerk and jolt, and she was violently thrown against said car, her arm was twisted under her, one of her fingers was knocked out of joint, and she was otherwise cut and bruised and remained in such condition for a long time, and that her injuries were permanent.

The rulings on the one prayer offered by the plaintiff, and the defendants' first prayer, constitute the only exception in the record, and these prayers were as follows:

*Plaintiff's Prayer No. 1.* "The court instructs the jury that if they find a verdict for the plaintiff, then in estimating damages they are to consider the health and condition of the plaintiff before the injuries complained of as compared with her present condition in consequence of such injuries, and whether the same are in their nature permanent, and how far they are calculated to disable the plaintiff from engaging in those pursuits for which,

in the absence of such injuries, she would have been qualified; and also the physical and mental suffering to which she has been subjected by reason of such injuries, and the jury are to allow such damages as in their opinion will be a fair and just compensation for the injuries suffered."

*Defendants' Prayer No. 1.* "The jurors are instructed that upon the pleadings and evidence in this case the plaintiff is not entitled to recover, because there is no evidence legally sufficient to show that the accident complained of in the declaration resulted from any want of care on the part of the defendants, or their employees."

The defendants also offered four other prayers, numbered 2, 3, 4, and 5, Nos. 2 and 3 of which were granted, 4 and 5 having been conceded. A discussion of these granted and conceded prayers is unnecessary, other than to observe that No. 2 was a burden of proof prayer, and No. 3 submitted the question of contributory negligence on the part of the plaintiff, while Nos. 4 and 5, in slightly varying phraseology, instructed the jury that the defendants were not liable for the injuries sustained by the plaintiff, provided the jury found the sudden stop of the car on which the plaintiff was riding was necessitated in order to avoid hitting a boy who, while said car was running, suddenly appeared on the tracks in front of it. Each of these four prayers concluded with an instruction in favor of the defendants, provided the jury found from the evidence the facts recited therein. As to the defendants' rejected prayer, while, under section 11 of article 5 of the Code, it cannot be treated as a good variance prayer, similar instructions under recent decisions of this court have been treated as demurrers to the evidence. *Heath v. Michael* 145 Md. 277, 125 A. 594; *Baltimore v. Terio,* 147 Md. 331, 128 A. 363; *Caltrider v. Weant,* 147 Md. 344, 128 A. 72. Treating the prayer for this purpose, the evidence offered by the plaintiff must be examined and applied to the law frequently stated by this court; the true test being that, if the plaintiff's evidence is such that under it a rational mind could

find for the plaintiff, the prayer must be rejected. *Moyer v. Justis,* 112 Md. 220, 76 A. 496; *Parker v. Power,* 127 Md. 598, 96 A. 800; *Erdman v. Trustees of Eutaw Church,* 129 Md. 595, 99 A. 793. The court passes not upon the weight of the evidence, but its legal sufficiency. *Kurrle v. Baltimore,* 113 Md. 63, 77 A. 373. Also, the truth of the facts adduced by the plaintiff must be assumed. *Chapman v. Nash,* 121 Md. 608, 89 A. 117.

The plaintiff's evidence shows that at the time of her injuries she entered a car of the defendant at G and Thirteenth Streets, Northwest, in Washington, D. C.; that the entrance was at the side of the car, about the middle of its length, and, after having deposited her fare in the box, she made a step up, with the intention of going back and taking a seat, at which time the car was started with a "terribly sudden plunge," and she grabbed the seat, but could not hold it; that the start or plunge was short and terrific, but the car did not stop; that by reason of this plunge she was unable to hold onto the seat, which her hand rested upon, and was thrown almost past the back seat of the car, a distance estimated by her to be twenty feet; that as a result she fell, turning her hand under her, and was hit on the side, one arm was badly bruised, and one of her fingers has been lame ever since; that it all happened very suddenly, but the car kept on going until it reached the next block, at which it stopped and picked up other passengers; that immediately after her fall the conductor helped her into a seat and inquired if she had been hurt, and she replied in the affirmative, but refused his offer for an ambulance, saying she would go to her own physician; that it was a rainy day and the floor of the car was very wet, and that she had no time to take a seat before the car went forward with a jerk. Her testimony was corroborated by the witness Shoemaker, who was emphatic in saying that, as the plaintiff was coming up into the car, it moved forward very suddenly with more force than usual. On cross-examination, he described this movement as "exceedingly forceful." This evidence was sufficient to take the case to the jury. *United*

*Railways & Electric Co. v. Phillips,* 129 Md. 328, 99 A. 355, 356. In the case last cited, Judge Burke, speaking for this court, said: "But we think, both upon reason and authority, a sudden jerk of such unusual severity as that described in the evidence and manifested by its results is sufficient to raise a presumption of negligence on the part of the defendant." The cases cited by appellants, in support of this demurrer prayer, are clearly distinguishable from this case; the chief distinction being that in those cases there was no evidence that the lurching or movement was unusual or extraordinary, such as is described in this evidence, and was found to exist in the *Phillips* case, *supra.* And the case of *Dawson v. Maryland Electric Railway Co.,* 119 Md. 376, 86 A. 1041, which is also relied upon by the appellants, likewise has no application to the case under consideration, for in that case it was held that the passenger, having occupied a position in a part of the car not intended for passengers, did so at his own risk.

Having found no error in the rejection of the defendants' prayer seeking to withdraw the case from consideration of the jury, the question remains as to the correctness of the instruction granted on behalf of the plaintiff. In this, we likewise find no error, because its principles have been affirmed in numerous decisions of this court. *McCall's Ferry Co. v. Price,* 108 Md. 96, 69 A. 832; *Bernheimer Bros. v. Bager,* 108 Md. 551, 70 A. 91; *Howard County v. Pindell,* 119 Md. 69, 85 A. 1041; *Epstein v. Ruppert,* 129 Md. 432, 99 A. 685; *Washington & Rockville Rwy. Co. v. Sullivan,* 136 Md. 202, 110 A. 478; *Brown v. Patterson,* 141 Md. 298, 118 A. 653; *East Baltimore Transfer Co. v. Goeb,* 140 Md. 534, 118 A. 74.

It is evident that the case was tried upon entirely different theories by the respective parties; the plaintiff's contention being to the effect that, after entering the car and depositing her fare, before having time to take a seat, it was moved forward with an unusual and extraordinary jerk of great suddenness and severity, thus causing her injuries, while the defendants produced the motorman

and conductor of the car, who testified that it was started properly after the plaintiff's entrance, but the sudden stop and jerk occurred after it had moved into the intersection; such sudden stopping being necessary to avoid striking a newsboy who suddenly appeared in front of it. While the testimony offered by the parties was entirely conflicting, its weight was exclusively a matter to be determined by the jury, under instructions from the court, in which we have found no error. *Jones Hollow Ware Co. v. Hawkins*, 128 Md. 160, 97 A. 365; *Lyon v. Townsend*, 124 Md. 163, 91 A. 704; *Kauffman Construction Co. v. Griffith*, 154 Md. 55, 139 A. 548; *Grant v. Kotwall*, 133 Md. 573, 105 A. 758; *Kroh v. Rosenberg*, 158 Md. 277, 148 A. 244.

*Judgment affirmed, with costs to the appellee.*