**BLAIR, Sup't of Cherokee Indian Agency, v. McALHANEY.**

No. 4846.

Circuit Court of Appeals, Fourth Circuit.

Oct. 17, 1941.

Norman M. Littell, Asst. Atty. Gen., Theron L. Caudle, U. S. Atty., of Wadesboro, N. C. (Vernon L. Wilkinson and Marvin J. Sonosky, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellant.

G. Lyle Jones, George H. Ward, and G. L. Jones, Jr., all of Asheville, N. C., for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal from an interlocutory order in a suit instituted against the Commissioner of Indian Affairs and the Superintendent of the Cherokee Indian Agency having charge of the Cherokee Indian Reservation in Swain County, North Carolina. The plaintiff, L. F. McAlhaney, had been operating a store on the reservation under license from the Commissioner of Indian Affairs. This license had expired and the Commissioner had refused to renew it. Plaintiff instituted suit alleging that the action of the Commissioner in refusing to renew the license was arbitrary and unreasonable and asking that he and the Superintendent be enjoined from interfering with the operation of plaintiff's business on the reservation. Summons was served upon the Superintendent but not upon the Commissioner; a motion to dis-

miss was denied; and an interlocutory injunction was entered restraining the Superintendent from interfering with the plaintiff or preventing him from conducting his business on the reservation. The appeal is from this order.

It is clear, we think, that the District Court was without jurisdiction to entertain the action or enter the order complained of. The right of plaintiff to do business as a trader with the Indians within the reservation was dependent upon license by the Commissioner. 25 U.S.C.A. §§ 261, 262. There is nothing in the statutes granting to the courts any power to review the action of the Commissioner in granting or refusing a license of this character; and injunction does not lie to restrain the Commissioner from exercising the power vested in him by law. Ferris v. Wilbur, 4 Cir., 27 F.2d 262; Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451, 457. Certainly injunction does not lie to restrain the Superintendent from interfering with a business which the Commissioner has refused to license and which in the absence of license is forbidden by statute. 25 U.S.C.A. § 264.

The order appealed from will accordingly be reversed and the cause will be remanded to the District Court with direction to dismiss the bill of complaint.

Reversed.