## WHATLEY v. GREAT SOUTHERN TRUCKING CO.

### No. 9918.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1941.

Albert J. Little and West L. Cranford, both of Valdosta, Ga., for appellant.

H. C. Eberhardt, of Valdosta, Ga., and E. T. McIlvaine, of Jacksonville, Fla., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action to recover unpaid wages, overtime, and damages alleged to be due and owing to Leroy W. Whatley, as an employee of the Great Southern Trucking Company, under Sections 6, 7, and 16(b) of the Fair Labor Standards Act of 1938. 29 U.S.C.A. §§ 206, 207, and 216(b). The court below held that Whatley had never been an employee of the company and was not entitled to the recovery sought. This appeal is from a judgment entered accordingly.

In the autumn of 1936 the trucking company entered into a contract with W. H. Cotter, Jr., whereby Cotter agreed to lease a warehouse in Valdosta, Georgia, at which long-haul shipments over appellee's lines to Valdosta could be deposited, and shipments from Valdosta could be picked up. Deliveries in Valdosta were to be made by Cotter, and it was to be his duty to pick up and assemble at the warehouse all outgoing shipments. For his services Cotter was

to receive a stipulated commission based upon the weight of the freight handled by him. He entered into bond as a "commission agent" of the company. The appellee paid Cotter $15 per month to compensate him for the rental on the warehouse, but the building was leased by Cotter in his own name, and he paid the rental thereon, profiting when the rental was lower than his reimbursement and losing when it was higher.

The truck used by Cotter to haul freight to and from his warehouse belonged to him, and the expenses incident to its operation were paid by him. He used the truck and the warehouse for purposes other than his business as commission agent for the appellee whenever the opportunity to profit thereby arose. The truck bore no business sign, and the only name on the warehouse was that of the Great Southern Trucking Company, placed there without authority by the simple device of affixing to the wall the top of a calendar on which the name appeared. The company regularly supplied Cotter with suggestions for increasing the business, and Cotter regularly solicited new customers. He was under no duty to the company to follow its suggestions, but did so because every increase in the volume of business proportionately increased his commissions.

During 1937 and 1938 the appellant did occasional work helping Cotter in various capacities. Before December 1, 1939, Whatley was not regularly employed, but gradually he was increasing the amount of his work for Cotter. At this time Cotter paid him according to the work done when each task was finished, making payment in cash or groceries, or both. In December, 1939, Whatley became a regular employee; he worked fixed hours each week, and received the sum of $5 from Cotter each week in wages. Both Cotter and Whatley signed bills of lading for the company, collected freight charges, and performed other duties necessary to the proper performance of the business for which the commission agency was established.

The company continuously regarded Cotter as a commission agent, and not as a general agent or a regular employee. It attempted no regulation of his hours of work, the number of his employees, or the compensation paid to them. It never authorized Cotter to employ anyone, did not know that Whatley was working for Cotter until this suit was filed, never paid Whatley any of the wages he received, and never represented to anyone that Cotter was vested with authority to hire in its behalf. Cotter knew that his authority was so limited, and he did nothing to convey a different understanding to those with whom he dealt. He hired Whatley to work for him, and he paid him with his personal funds.

It is not contended that the appellee actually conferred upon Cotter the authority to hire any employees for it, and we agree with the court below that, by its conduct and course of dealing, it did not hold out to the public that he possessed such authority. Whatley never became an employee of the appellee, and the judgment of the district court is affirmed.