## AUTOMOBILE BANKING CORPORATION, ET AL. *v.* WOODROW A. WILLISON

[No. 26, October Term, 1942.]

*Decided November 18, 1942.*

120

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*William A. Gunter* for the appellant, Automobile Banking Corporation.

No brief filed and no appearance for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment entered on a verdict by jury in the Circuit Court for Allegany County in favor of Woodrow A. Willison, appellee, against the Automobile Banking Corporation, a corporation of the State of Pennsylvania, appellant.

Suit was filed by appellee against the Automobile Banking Corporation and Harold R. Bish under the Fair Labor Standards Act of 1938, 29 U. S. C. A., Secs. 201-219, inclusive, for alleged unpaid overtime compensation, for liquidated damages and for attorney's fees, as provided for in the Act.

Harold R. Bish, one of the defendants, was employed by the Automobile Banking Corporation, appellant, as its agent for the solicitation and handling of its business of automobile financing in certain counties in Maryland, Pennsylvania and West Virginia. He was to service and collect delinquent accounts, repossess cars, and perform such other liquidating duties as were necessary for the advancement of the interests of appellant. He assumed full responsibility for the collection and adjustment of delinquent accounts and agreed to abide by the requirements of the collection department of the Automobile Banking Corporation, appellant, as to the handling of these delinquent accounts, and motor vehicles were to be repossessed by him when such action was essential to the best interests of the company. As compensation for his services, he was to receive a gross commission of 15 per cent. of the actual rate derived by appellant.

Harold R. Bish employed the appellee, Woodrow A. Willison, and paid him out of his 15 per cent. commission, and also loaned the appellee his car to use in this work. He also paid the salaries of the other employees of the office and all local operating expenses and the remainder belonged to him. He paid the social security payments for appellee, and all of the office equipment was owned by Bish.

On the other hand, the forms used in the collection and adjustments of accounts were in the name of the appellant and appellant furnished appellee with a card stating that he was an adjuster from that company. Appellee gave a fidelity bond to appellant. At least once every three months the Automobile Banking Corporation sent representatives to go out with appellee and check the accounts.

At the trial of the case before a jury in the Circuit Court for Allegany County, demurrer prayers were granted in favor of Harold R. Bish, which constitutes the thirty-ninth and fortieth exceptions in this case.

The trial court refused the demurrer prayers of the appellant which is the subject of the thirty-eighth exception and which will be first considered by us here, and our ruling on that exception will make it unnecessary for us to consider the other exceptions. One of the reasons submitted in writing as to why the demurrer prayers of appellant should have been granted was: "Because it is obvious that the Automobile Banking Corporation was not the employer of the plaintiff."

The question for our decision is whether the appellee, Woodrow A. Willison, was an employee of Harold R. Bish or of the Automobile Banking Corporation, appellant, under the provision of the Fair Labor Standards Act, *supra*. There is no dispute on the question of commerce. This Act defines "employer" and "employee" in Section 203 as follows:

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or

any State or political subdivision of a State, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

"(e) 'Employee' includes any individual employed by an employer.

\*　　　\*　　　\*　　　\*　　　\*

"(g) 'Employ' includes to suffer or permit to work."

In referring to the Fair Labor Standards Act, *supra*, it was said in the case of *Bowie v. Gonzalez*, 117 F. 2d 11, 16: "The scheme of the statute is broad and comprehensive with the obvious purpose of including all employees in interstate commerce except those specifically excepted." In the case of *Robinson v. B. & O. R. R. Co.*, 237 U. S. 84, 94, 35 S. Ct. 491, 494, 59 *L. Ed.* 849, Mr. Justice Hughes, in discussing the Federal Employees' Liability Act, said: "We are of the opinion that Congress used the words 'employee' and 'employed' in the statute in their natural sense, and intended to describe the conventional relation of employer and employee." *Hull v. Philadelphia & Reading R. R. Co.*, 252 U. S. 475, 40 S. Ct. 358, 64 *L. Ed.* 670. In discussing the Fair Labor Standards Act, *supra*, the court said in the case of *Divine v. Levy*, D. C., 36 F. Supp. 55, 59: "We believe the definition in 20 *C. J.*, at page 1244, is in support: 'Employer. The term is the correlative of "employee," and is defined as one who employs; one who engages or keeps in service; one who uses or engages the services of other persons for pay; a person who has another in his employ to do certain things in a regular and successive way; a person or corporation employing workmen'." Quoting in the case of *Fleming v. Gregory*, D. C., 36 F. Supp. 776: "Under the definition of 'employee' contained in the Act, none of such hired help can be employees of the United States unless they were employed by the United States as 'employer.' All that the United States has done is to make a contract for the carrying of the mail with the mover, and he, in order to carry out said contract (for which he alone is responsible), has hired or 'employed' the

persons referred to in the complaint; they are his 'employees' * * *." It was said in the case of *Maddox v. Jones,* D. C., 42 F. Supp. 35, 40, in discussing the Fair Labor Standards Act, *supra*: "Employer includes 'one acting directly or indirectly in the interest of an employer in relation to an employee.' This language means there must be a contract of employment to constitute the relationship, and necessarily there must be an employer and an employee." In the case of *Lorenzetti v. American Trust Co., et al.,* D. C., 45 F. Supp. 128, arising under the Fair Labor Standards Act, *supra*, the banks contracted with a maintenance company to furnish the banks with janitorial service and equipment on a monthly basis. The maintenance company employed and paid the janitors to work in the banks. Denying the contention of the plaintiffs that the bank was the employer, it was said at page 135:

"The question then arises whether the banks or the American Building and Maintenance Co. were the employers of the janitors within the meaning of the Act. It is not disputed that the American Building and Maintenance Co. hired the janitors, paid them, assigned them to their duties, and were responsible for insurance and other incidents of their employment. Section 3 (g) of the Act provides that ' "Employ," includes to suffer or permit to work.' Plaintiffs assert that inasmuch as the banks suffered and permitted the janitors to work and exercised through their officials some control over the manner in which the work was done, they were employers under the Act.

"I think it cannot seriously be contended that the banks were the employers of the janitors. The facts of the employment here come squarely within the holding in *Bowman v. Pace Co.,* 119 F. 2d 858, 860. In that case defendant warehouse company contracted with the Forsyth Detective Service for watchman service at its plant. The court found that 'Forsyth, being in that line of business, on his own account contracted with the Pace Company for a monthly consideration to maintain satis-

factory watchman service at these premises; and on his own account hired Bowman at a weekly wage to watch here, putting him under the direction to some extent of the Pace Company to insure that the service should be satisfactory. The hiring, transferring or discharging of Bowman was Forsyth's affair. Bowman could and did look to Forsyth alone for his pay.'

"The court said: 'If the employment as watchman comes under the Act, Forsyth owes him the minimum wage, for he is Bowman's employer. Instead of using only one man to furnish the service contracted for, Forsyth could have hired other men to work in eight-hour shifts, or done the work himself. It would be most unjust to enforce the overtime rates, which make up a large part of Bowman's claim, against the Pace Company, who had no control over this matter.'

"The rule formulated by that court was a logical and sound one, and should be applied to the case at bar: 'If one has not hired another expressly, nor suffered or permitted him to work under circumstances where an obligation to pay him will be implied, they are not employer and employee under the Act.'

"See, also, *Wells Fargo & Co. v. Taylor,* 254 U. S. 175, 41 S. Ct. 93, 65 *L. Ed.* 205." *Whatley v. Great Southern Trucking Co.,* 123 F. 2d 143.

In *Homan v. Brooklyn Life Insurance Co.,* 7 Mo. App. 22, Wilson, the agent of the defendant, hired plaintiff on his (Wilson's) own account to work for defendant and in that case, the court said: "Where a person is employed by an agent, the mere fact that the principal of the agent knows that the person so employed is acting in the business committed by the principal to his agent, and accepts such employment as beneficial, does not prove an agreement on the principal's part to pay for the services of the person so employed. To hold the principal to payment, the element of privity of contract between the principal and subagent should appear." 2 *Corpus Juris, Agency,* p. 778; *Mitchell v. Teague,* Tex. Civ. App., 233 S. W. 1040; *Houston County Oil Mills*

& *Mfg. Co. v. Bibby,* 43 Tex. Civ. App. 100, 95 S. W. 562; *Triplett v. Jackson,* 130 Iowa 408, 106 N. W. 954. This court said in the case of *Keener v. Harrod,* 2 Md. 63, 70, 56 *Am. Dec.* 706: "If a man charged to render a particular service, engages another to aid him, it by no means follows, that he can do so, at the expense of his employers, without their consent."

From the authorities above cited, it must be concluded that appellee was not the employee of the Automobile Banking Corporation, appellant.

In deciding whether the demurrer prayers of the appellant should be granted, the court must assume the truth of all the testimony given to the jury tending to sustain the plaintiff's right to recover and of all inferences of fact fairly deducible therefrom. *Moyer v. Justis,* 112 Md. 220, 76 A. 496; *Francis v. Outlaw,* 127 Md. 315, 96 A. 517; *Parker v. Power,* 127 Md. 598, 96 A. 800, *Ann. Cas.* 1918C, 604; *General Automobile Owners' Association v. State, to use of Penn,* 154 Md. 204, 140 A. 48; *Porter v. Greenbrier Quarry Co.,* 161 Md. 34, 155 A. 428; *Gutheridge v. Gorsuch,* 177 Md. 109, 8 A. 2d 885; *Miller v. Loyal Order of Moose, Lodge No. 358, of Moorefield, W. Va.,* 179 Md. 530, 20 A. 2d 156. Assuming the truth of all the testimony given to the jury tending to sustain the plaintiff's right to recover, we must conclude that the demurrer prayers of appellant, the subject of the thirty-eighth exception, should have been granted. The mere facts that appellee used forms supplied by the appellant and was bonded to appellant and that his employment was beneficial to appellant, was not sufficient in our opinion, under the authorities cited herein, to submit the case to the jury. *Bowman v. Pace Co., supra.* This action is one of contract and not of tort. Appellee was employed by Harold R. Bish and the privity of contract was between them, not between appellee and appellant. Appellee and the other employees of the office were all paid out of Bish's gross commission and the remainder belonged to him. The more employees, the greater would

126

be the deductions from Bish's commissions. If another man had been employed and the overtime work of the appellee had been eliminated, the pay of the extra employee, under the contract between appellee and Bish, would have come out of Bish's commissions. The overtime work of appellee was directly for the benefit of Bish.

The appellee having taken no appeal to the granting of the demurrer prayers of Harold R. Bish, the subject of the thirty-nineth exception, and Bish having been released, it is useless for us to rule on that question.

*Judgment reversed, with costs, without a new trial.*