## UNITED STATES v. PARTON et al.
### No. 5023.

Circuit Court of Appeals, Fourth Circuit.

Jan. 11, 1943.

Marvin J. Sonosky, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Theron L. Caudle, U. S. Atty., of Wadesboro, N. C., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

W. R. Francis, of Waynesville, N. C. (Jones, Ward & Jones, of Asheville, N. C., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a decree denying an injunction in a suit brought to enjoin defendants, who admittedly had not been licensed by the Commissioner of Indian Affairs, from engaging in business as Indian traders on the Cherokee Indian Reservation in Western North Carolina.

The principal contention of the defendants is that the Eastern Band of Cherokee Indians is not an Indian tribe and that the land which they occupy is not an Indian reservation within the meaning of 25 U.S.C.A. §§ 261 and 262, which provide:

"§ 261. Power to appoint traders with Indians. The Commissioner of Indian Affairs shall have the sole power and authority to appoint traders to the Indian tribes and to make such rules and regulations as he may deem just and proper specifying the kind and quantity of goods and the prices at which such goods shall be sold to the Indians.

"§ 262. Persons permitted to trade with Indians. Any person desiring to trade with the Indians on any Indian reservation shall, upon establishing the fact, to the satisfaction of the Commissioner of Indian Af-

fairs, that he is a proper person to engage in such trade, be permitted to do so under such rules and regulations as the Commissioner of Indian Affairs may prescribe for the protection of said Indians."

We think that this contention of defendants is fully answered by the decision of this Court in United States v. Wright, 4 Cir., 53 F.2d 300; United States v. Colvard, 4 Cir., 89 F.2d 312; United States v. 7,405.3 Acres of Land, 4 Cir., 97 F.2d 417; and Blair v. McAlhaney, 4 Cir., 123 F.2d 142. In accord are the decisions of the Supreme Court in United States v. McGowan, 302 U.S. 535, 538, 539, 58 S.Ct. 286, 82 L.Ed. 410; United States v. Sandoval, 231 U.S. 28, 46, 34 S.Ct. 1, 58 L.Ed. 107; State of Minnesota v. Hitchcock, 185 U.S. 373, 390, 22 S.Ct. 650, 46 L.Ed. 954.

As the defendants had not been licensed to trade on the reservation, it was unlawful for them to engage in such business, and the Court should have granted the injunction upon the prayer of the United States Attorney charged with the enforcement of the law. The fact that, as Indians, they are not subject to the penalties prescribed by 25 U.S.C.A. § 264, does not exempt them from the necessity of complying with the requirements of § 262, supra, if they desire to engage in business as traders upon the reservation. The protection of the Indian wards of the government from acts in violation of the statutes and regulations is manifestly an interest of the government which its courts should protect by injunction when violation thereof is threatened. Cf. In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; 28 Am.Jur. 342. The inadequacy of the penal provisions of the statute for dealing with the acts of the defendants is not a reason for denying but an additional reason for granting injunctive relief. Coosaw Mining Co. v. South Carolina, 144 U.S. 550, 567, 12 S.Ct. 689, 36 L.Ed. 537.

The court below was of opinion that the Commissioner of Indian Affairs had acted arbitrarily in failing to pass upon the application of defendants for a trader's license. As we pointed out in the McAlhaney case, however, "There is nothing in the statutes granting to the courts any power to review the action of the Commissioner in granting or refusing a license of this character" [123 F.2d 143]. If the defendants are entitled to a license, as the court below thought, and as the record before us seems to indicate, the Commissioner will doubtless grant them a license upon the termination of this litigation, if they desire it. If, however, there are matters before the Commissioner which justify the denial of a license, he should take such action as may be appropriate in the premises, without being bound at all by the record made in this case. Full power and responsibility with respect to granting or refusing a license are vested in him and not in the courts.

For the reasons stated the decree appealed from will be reversed and the case will be remanded to the court below with direction to grant the injunction prayed.

Reversed.