**ANDERKO et al. v. COURTLAND HAND-BAG CO., Inc., et al.**

No. C–2730.

District Court, D. New Jersey.

Nov. 4, 1943.

David T. Wilentz, of Perth Amboy, N. J., for plaintiffs.

Gabriel Kirzenbaum, of New Brunswick, N. J., for defendants.

FORMAN, District Judge.

This action was brought by the plaintiffs against the defendant, Courtland Handbag Co., Inc., and the defendant, Benjamin Potash, the principal stockholder and manager of the Courtland Handbag Co., Inc., to recover from the defendants sums of money paid by the defendants to the plaintiffs as overtime compensation which the plaintiffs were forced to return to the defendants, together with an additional equal amount of liquidated damages, and reasonable attorney's fees and costs of the action, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), hereinafter referred to as the Act.

It is alleged that the defendants hired the plaintiffs as cutters in the production of goods for interstate commerce in August and September of 1941, their periods of employment terminating in May and August of 1942. During this time, the plaintiffs allege that they worked longer than the applicable number of hours specified under Section 7 of the Act, 29 U.S.C.A. § 207, as the maximum hours which constitute a workweek, and received compensation for the additional hours over the workweek at a rate of one and one-half times the regular rate of pay based on the workweek as prescribed in Section 7, but were obliged to and did return this overtime compensation to the defendants in violation of the Act.

The defendants move (1) to strike the complaint against both defendants on the ground that the complaint fails to state a cause of action; (2) to strike the complaint against defendant, Benjamin Potash, on the same ground; (3) for an order requiring the plaintiffs to furnish a bill of particulars.

In support of the first portion of their motion the defendants argue that the court has no jurisdiction to hear the case for the reason that there is no allegation of unpaid minimum wages nor a sufficient allegation of underpayment of overtime compensation and that the Act does not include "kickbacks", which are the bases upon which the complaint is founded. It is maintained by the defendants that the complaint is vague and obscure in that it fails to set forth the number of hours worked by, and the wages paid to, each of the plaintiffs in order to determine whether an unpaid deficiency exists.

The applicable sections of the Act are as follows:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216(b).

"No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce—

"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,

"(2) for a workweek longer than forty-two hours during the second year from such date, or

"(3) for a workweek longer than forty hours after the expiration of the second year from such date,

unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a).

The amended complaint alleges "* * * the defendants employed the plaintiff for workweeks in excess of the applicable maximum under Section 7 of the Act, without properly compensating him for such excess hours at rates not less than one and one-half times the regular rates at which he was employed, in that the plaintiff was obliged to return and did return * * *, all of the overtime compensation received by him to the defendant, * * * *". This allegation is made as to each plaintiff.

It is no defense to an action to recover overtime compensation under the Act to say that the rate of pay prescribed by the Act has been paid to the employee where the latter has been compelled to return a portion thereof "as a condition to employment", as is alleged in the amended complaint. The question to be determined is whether it is necessary to set forth the rate used in computing the unpaid deficiency. The case of Fleming v. Carleton Screw Products Co., D.C., 37 F.Supp. 754, affirmed 8 Cir., 126 F.2d 537, is offered by the plaintiffs in support of their contention that the action of the defendants would completely nullify the overtime provision in the Act and permit the defendants to avoid the obligations imposed upon them by the Act. In that case the employer reduced the hourly rate of its employees maintained before the Act and agreed to pay the same sum of money it paid to its

142

employees previously, making up the difference by a bonus payment. In this way the employer conformed to the provisions of the Act requiring overtime compensation at the rate of one and one-half times the regular rate at which a man is employed and maintained its workweek of from fifty to fifty-six hours, incurring the same labor costs as previously. The court directed a judgment for the plaintiff stating that a private agreement which is inconsistent with wage and hour statutes must yield to the broader public policy declared in these statutes.

The section of the Act having to do with maximum hours (§ 207) was interpreted by the court in the Carleton Screw case as intended to regulate hours of labor and to eliminate excessive hours by requiring payment at the rate of time and a half for overtime at the regular rate paid, even though the regular rate is more than the minimum wage required by the Act (§ 206). The court disagreed with a decision in the case of Fleming v. A. H. Belo Corporation, 5 Cir., 121 F.2d 207, which upheld a contract made by an employer with his employees to pay them the same wages which they received previously, so long as the new rate equalled or exceeded the minimum wage required by the Act. The decision of the Fifth Circuit Court of Appeals in the Belo case was affirmed by the Supreme Court, Walling v. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716.

The plaintiffs also cite the case of Williams v. General Mills, D.C., 39 F. Supp. 849, as another instance where a court decided that agreements similar to the one made in the Carleton Screw case, between employer and employees, circumvent the Act and render the congressional intent ineffective. Plaintiffs fail to mention, however, that on appeal this decision was reversed, General Mills, Inc., v. Williams, 6 Cir., 132 F.2d 367, the reversal being based on the Supreme Court's decision affirming the holding in the Belo case. The Supreme Court in its opinion commented on the fact that the lower court "found that the contracts were 'actual bona fide contracts of employment' and that 'they were intended to, and did, really fix the regular rates at which each employee was employed'". 316 U.S. at pages 629, 630, 62 S.Ct. at page 1226, 86 L.Ed. 1716. The Sixth Circuit Court of Appeals in General Mills, Inc., v. Williams, supra, in its discussion of the Supreme Court decision, said: "* * * Here, on the contrary, the District Court found not only that the purpose of the contract of October 22d was to circumvent the Act, but that the arrangement was a 'paper arrangement,' used to conceal the real rate of pay used and the rate was not that agreed upon, but the previous rate. This record, however, presents no substantial evidence in support of the latter finding. * * *" Page 369 of 132 F.2d. It would appear that where a bona fide contract between an employer and employee is made which meets the requirements of the Act as to the minimum wage to be paid, and there is a suit to recover overtime compensation under the Act, it would be necessary to allege specifically the rate used in computing the unpaid deficiency of overtime compensation.

In the case at bar it is admitted that the minimum wage requirements of the Act have been met, but the plaintiffs herein allege that the defendants *forced* them to return their overtime compensation *as a condition to employment*. The element of coercion must be considered. The plaintiffs may have been compelled to return this money on the threat of loss of employment, in which case a contract based on that threat would not be bona fide. The Supreme Court's opinion in the Belo case specifically referred to *"actual bona fide* contracts of employment". [Italics supplied] The plaintiffs in the instant case allege that they were forced to accept the defendants' conditions "as a condition to employment". The plaintiffs will be put to their proof to show that they were coerced into accepting the alleged arrangement as to overtime pay. The allegations in the amended complaint as they stand constitute a cause of action and this portion of the defendants' motion must be overruled.

The second portion of plaintiffs' amended complaint is directed towards the defendant, Benjamin Potash, the principal stockholder and manager of the defendant, Courtland Handbag Co., Inc. It is alleged in the amended complaint that:

"5. During the work weeks from September 1, 1941, the defendants employed approximately sixty people in their manufacturing business in New Brunswick, New Jersey.

"6. In such business, defendants employed the plaintiff as a cutter from September 1, 1941 to August 18, 1942, and his

functions were an essential part of the aforesaid manufacturing business. Such duties constituted the production of goods for commerce within the meaning of the Act.

"7. During the period aforementioned, the defendants employed the plaintiff for work weeks in excess of the applicable maximum under Section 7 of the Act, without properly compensating him for such excess hours at rates not less than one and one-half times the regular rate at which he was employed, in that the plaintiff was obliged to return and did return during the period aforementioned, all of the overtime compensation received by him to the defendant, Benjamin Potash, who acted for himself and/or for the defendant corporation, in violation of the Act."

The defendants contend that the amended complaint fails to allege a relationship of employer and employee between the plaintiffs and the individual defendant which is essential to set up a cause of action against that defendant, for the reason that if the moneys alleged to have been returned to the defendant, Benjamin Potash, were not received by him on behalf of the defendant, Courtland Handbag Co., Inc., then no cause of action would lie against him on the basis of the allegations in the amended complaint.

Benjamin Potash is alleged to be the principal stockholder and manager of Courtland Handbag Co., Inc. Obviously the plaintiffs cannot recover against both defendants or against Benjamin Potash if he was not their employer. Divine v. Levy, D.C., 36 F.Supp. 55; Bowman v. Pace Co., 5 Cir., 119 F.2d 858; Whatley v. Great Southern Trucking Co., 5 Cir., 123 F.2d 143. Plaintiffs concede they are not suing defendants jointly here but in the alternative. They have drafted their pleadings artlessly in this respect because they do refer to both the corporation *and* Benjamin Potash as their employers. However, in the prayer for relief by each plaintiff the demand is framed in the alternative, as: "* * * against the defendant corporation, Courtland Handbag Co., Inc., or, in the alternative, against the defendant, Benjamin Potash, * * *."

Under such circumstances, the motion to dismiss the amended complaint against the individual, Benjamin Potash, will be denied at this time.

The third portion of defendants' motion seeks an order requiring the plaintiffs to furnish a bill of particulars. A bill of particulars will be ordered if the additional information is necessary to enable the moving party to properly prepare his responsive pleading. Brinley v. Lewis, D.C., 27 F.Supp. 313; Brockway Glass Co., Inc., v. Hartford-Empire Co., D.C., 1 F.R. D. 242; Fleming v. Gitlin Bros. & Rush, D.C., 1 F.R.D. 608. The particulars sought by the defendants are not necessary to enable them to answer the amended complaint. Fleming v. Mason & Dixon Lines, D.C., 42 F.Supp. 230; Mitchell v. Brown, D.C., 2 F.R.D. 325. Such of the information not within their knowledge as is essential in the preparation for trial may be elicited by other means of discovery but not through the medium of the bill of particulars. Hence the defendants' motion for particulars will be denied.